[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-13099
Non-Argument Calendar

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**JUNE 17, 2005**
**THOMAS K. KAHN**
**CLERK**

D.C. Docket No. 01-00728-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DRAKE COLLETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 17, 2005)

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

On July 31, 2002, a Northern District of Georgia jury found appellant guilty

on three counts of manufacturing counterfeit United States currency, in violation

of 18 U.S.C. § 471.  On May 17, 2004, the district court sentence him to concurrent prison terms of 30 months.  He now appeals.  He asks that we vacate his convictions and remand the case for a new trial.  If we affirm the convictions, he asks that we vacate his sentences because the district court, in determining the offense level, found as fact that he had obstructed justice—by testifying falsely at trial—and enhanced his offense level by three levels pursuant to U.S.S.G. § 3C1.1.  Appellant submits that <u>Blakely v. Washington</u>, 542 U.S. ____, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 543 U.S. ____, 125 S. Ct. 738 (2005), precluded the court from making the enhancement because the fact was neither admitted by him nor found by the jury beyond a reasonable doubt.  We turn first to appellant's challenges to his convictions.

At trial, the Government presented as evidence the originals of the allegedly counterfeit $20 notes.  Many were printed only on one side and uncut from the original 8 ½" by 11" paper on which they had been printed.  Some of the  notes were printed on both sides, cut, and generally resembled genuine United States currency.

Citing case law from other circuits—which holds that items so crude and rudimentary that no one would consider them counterfeit— appellant contends that the district court should have barred the jury from considering the single-sided

cut bills and the bills on a full sheet of paper. Because the court failed to exclude these items, he submits, the jury's verdicts may have rested on insufficient evidence.

If, as a matter of law, the challenged bills could not have constituted "counterfeit obligations," the question becomes whether the error was "harmless." An "erroneous admission of evidence does not warrant reversal if the error had no substantial influence on the outcome and sufficient evidence uninfected by error supports the verdict." United States v. Harriston, 329 F.3d 779, 788-789 (11th Cir. 2003) (quoting United States v. Jones, 28 F.3d 1574, 1582 (11th Cir. 1994).

Section 471 provides for the imprisonment for not more than 20 years of any individual who "counterfeits . . . any obligation . . . of the United States." 18 U.S.C. § 471. The test for determining whether a replica item of currency is counterfeit is "whether the fraudulent obligation bears such a likeness or resemblance to any of the genuine obligations or securities issued under the authority of the United States as is calculated to deceive an honest, sensible and unsuspecting person of ordinary observation and care dealing with a person supposed to be upright and honest." United States v. Parr, 716 F.2d 796, 807 (11th Cir. 1983) (quoting United States v. Turner, 586 F.2d 395, 397 & n. 6 (5th Cir. 1978).

3

Assuming, without deciding, that the district court erred in concluding that one-sided and uncut replicas of United States currency could constitute counterfeit obligations of the United States, the error was harmless. The conviction on each court must be upheld if only one item of evidence supporting the count meets the legal definition of "counterfeit." Here, as to each count, the evidence included at least one item that bears a likeness to a $20 Federal Reserve Note and was calculated to deceive an honest, sensible and unsuspecting person of ordinary observation and care dealing with a person, i.e., appellant, who was supposed to be upright and honest. See Parr, 716 F.2d at 807. Such items approximate the coloration and size of legitimate $20 Federal Reserve Notes and are printed on both sides and cut, with a front and back side that resembles the front and back side of a legitimate $20 Federal Reserve Note. In short, they are counterfeit, and the court's error, if error at all, had no substantial influence on the outcome of the case. See Harriston, 329 F.3d at 788-789.

Putting this issue aside, appellant contends the testimony of a secret service agent, concerning locations or situations where single-sided fake bills are passed, was expert testimony that the prosecutor failed timely to disclose as required by Fed. R. Crim. P. 16. To show that this discovery violation prejudiced his

substantial rights, he points to the fact that the prosecutor relied substantially on the agent's testimony to prove intent to defraud.

A violation of the disclosure requirements of the Federal Rules of Evidence will result in a reversal of conviction only if it prejudices a defendant's substantial rights. United States v. Perez-Garcia, 904 F.2d 1534, 1546 (11th Cir. 1990). "The degree to which a defendant's rights suffer as a result of a discovery violation is determined by considering how the violation affected his ability to present a defense and, to a lesser degree, the weight of all the other evidence introduced." Id.

We find no prejudice to substantial rights in this case. The relevance of the agent's testimony only concerned the passing of one-sided fake bills as real by folding them up. A defense against this testimony—consisting presumably of a countering expert—would not have affected the Government's case based on the two-sided, cut bills.

We find no basis for setting aside appellant's convictions and therefore turn to his sentences.

Because Dyson did not present his Blakely objection to the district court, we review the district court's alleged Blakely, now Booker, error for plain error. See Fed.R.Crim.P. 52(b); United States v. Rodriguez, 398 F. 3d 12191 (11th Cir.

2005), <u>rehearing en banc denied</u>, ___ F. 3d ____, 2005 WL 895174 (11th Cir. Apr. 19, 2005). To satisfy the plain-error standard, we must find that (1) the district court committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial. <u>United States v. Olano</u>, 507 U.S. 725, 730-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Concerning the third prong, in most cases the error will be prejudicial if it "affected the outcome of the district court proceedings." <u>Id.</u> at 734, 113 S.Ct. at 1778. If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 736, 113 S.Ct. at 1779 (internal quotations and citation omitted).

Rodriguez dictates our application of the plain error test in this case. Following <u>Rodriguez</u>, we conclude that a Sixth Amendment error (the enhancement of appellant's base offense level based on facts not admitted by appellant or found by a jury) occurred, <u>Rodriguez</u>, 398 F. 3d at 1299, and that it was plain. <u>Id.</u> The question thus becomes whether the third prong of the plain error test has been met in this case, i.e., whether the error affected appellant's substantial rights.

The defendant has the burden of showing such prejudice—that the error affected his substantial rights.  Id. at 1299.

> [T]he . . . defendant [must] show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.  Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant.

Id. at 1300.

Appellant  has failed to carry this burden.  The Guidelines sentence range in this case called for a prison term (as to each count) of 30 to 70 months duration.  The court imposed sentences at the bottom of this range.  There is nothing in the record of the sentencing hearing that would permit us to say that had the court considered the Guidelines as discretionary rather than mandatory, it probably would have imposed significantly lesser sentences.  Appellant's sentences are therefore due to be affirmed.

AFFIRMED.

Tjoflat, Circuit Judge, concurring specially:

As I explain in my dissent to the court's refusal to rehear Rodriguez en banc, the error in a case such as this—where the district court enhances the defendant's sentence on the basis of facts not admitted by the defendant or found by a jury—is structural error, and the third prong of the plain-error test is, therefore, inapplicable. See United States v. Rodriguez, — F.3d —, 2005 WL 895174 (11th Cir. Apr. 19, 2005) (Tjoflat, J., dissenting from the denial of rehearing en banc). Accordingly, the court should consider whether the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed.2d 508 (1993). I concur in the court's judgment because we are Rodriguez bound.